IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2011

## MARQUISE HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2004-C-2465, 2004-C-2468      Cheryl Blackburn, Judge**

_____

**No. M2011-00941-CCA-R3-PC - Filed March 16, 2012**

_____

The petitioner, Marquise Harris, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief as untimely. On appeal, Harris contends that due process considerations tolled the one-year statute of limitations for post-conviction relief. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Marquise Harris, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General and Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Background.** On January 13, 2006, Harris pled guilty in these cases to two counts of attempted first degree murder, a Class A felony, two counts of aggravated assault, a Class C felony, and one count of felonious possession of a firearm, a Class E felony. He received an effective sentence of twenty-three years in the Department of Correction. Harris did not pursue a direct appeal.

Harris filed a petition for writ of habeas corpus in July 2008. The court dismissed it without a hearing. He filed a second petition for writ of habeas corpus in October 2008 in the Davidson County Criminal Court. The court dismissed the petition, and this court affirmed the dismissal on appeal. Marquise Harris v. State, No. M2009-01834-CCA-R3-HC, 2010 WL 2025406, at *1 (Tenn. Crim. App., at Nashville, May 21, 2010). Harris filed a

third petition for writ of habeas corpus in June 2010, which the court dismissed. This court affirmed. <u>Marquise Harris v. State</u>, No. M2010-01905-CCA-R3-HC, 2011 WL 255293, at *1 (Tenn. Crim. App., at Nashville, Jan. 20, 2011), <u>perm. app. denied</u> (Tenn. Apr. 13, 2011).

On January 31, 2011, Harris filed a petition for post-conviction relief, which is the subject of this appeal. The post-conviction court summarily dismissed the petition, finding that it was barred by the statute of limitations. Harris now appeals the summary dismissal of his petition.

**Analysis.** On appeal, Harris argues that the court erred in dismissing his petition for post-conviction relief as untimely. He alleges that he was incompetent during the one-year period after he pled guilty and that due process considerations should toll the statute of limitations as a result. The State responds that the court properly dismissed the petition because Harris failed to make a prima facie showing that he was incompetent during the entire time since the date of his conviction. We agree with the State.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." <u>Id.</u> It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." <u>Id.</u> In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. <u>See id.</u> § 40-30-106(b).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)). Mental incompetence is one such due process concern that may toll the statute of limitations. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000). Otherwise, the petitioner would be denied "a reasonable opportunity to raise a claim in a meaningful time and manner." Id. In order to toll the statute of limitations based on incompetence, the petition for post-conviction relief must make a prima facie showing of incompetence, consisting of "specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal . . . ." Id. This court has further explained:

In addition to alleging specific facts to show mental incompetence, the post-conviction petitioner must, in order to avoid dismissal of his petition on the basis of the statute of limitations, demonstrate that he did not experience a total of one year of mental competency during the time between the highest action taken by an appellate court on his case or the date his conviction became final and the filing of his petition.

<u>Thomas E. Dunn v. State</u>, No. E2003-00002-CCA-R3-PC, 2003 WL 22888914, at *3 (Tenn. Crim. App., at Knoxville, Dec. 8, 2003).

Here, Harris was required to file his petition for post-conviction relief within one year of February 13, 2006, the date that his judgment became final. <u>See</u> T.C.A. § 40-30-102(a); <u>State v. Green</u>, 106 S.W.3d 646, 650(Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). He did not file his petition, however, until January 31, 2011. In support of his claim that the statute of limitations was tolled based on his mental incompetence, Harris attached to his petition hundreds of pages of exhibits. They include nurses' notes regarding his condition while he was committed to the Middle Tennessee Mental Health Institute, a psychologist's evaluation, mental illness diagnoses, medication histories, and an affidavit from his sister. Importantly, none of these documents address the time after January 2008. Even if we were to assume, therefore, that Harris's petition made a prima facie showing of incompetence for the period from his conviction date to January 2008, he has made no such showing for any portion of the period from January 2008 until he filed his petition. Rather, he filed three petitions for writ of habeas corpus between 2008 and 2010, suggesting Harris was competent and understood "his legal rights and liabilities." <u>Nix</u>, 40 S.W.3d at 464. We conclude that Harris has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," <u>Burford</u>, 845 S.W.2d at 208, and due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed Harris's petition.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE